IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JANICE OSBORNE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * | No. 4:15CV00768-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Janice Osborne, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for disability insurance benefits and supplement security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will

not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

The Administrative Law Judge[1] (ALJ) found Ms. Osborne had not engaged in substantial gainful activity since December 4, 2009, and she had the following severe impairments: hypertension, coronary artery disease, degenerative disc disease of the lumbar spine, obesity, arthritis, chronic obstructive pulmonary disorder, small calcaneal spur of the right knee, adjustment disorder with mixed anxiety and depression.  (Tr. 11.)  However, the ALJ found Ms. Osborne did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 12.)

According to the ALJ, Ms. Osborne has the residual functional capacity to perform a reduced range of light work.  (Tr. 13.)  Given her residual functional capacity, the ALJ determined Plaintiff could no longer perform her past relevant work as a certified nurse's assistant and cashier.  (Tr. 18.) The ALJ utilized the services of a vocational expert who answered hypothetical questions posed by the ALJ.  (Tr. 43-48.)  After considering the vocational expert's testimony, the ALJ determined Ms. Osborne could perform other jobs that existed in significant numbers in the national economy, such as cashier II and assembler.  (Tr. 19.)  Therefore, the ALJ concluded Ms. Osborne was not disabled. (*Id.*)

In support of her Complaint, Plaintiff argues the ALJ incorrectly determined her residual

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

functional capacity. (Doc. No. 10 at 3-6.) The ALJ determined Plaintiff had the "residual functional capacity to perform light work. . . except she cannot climb ladders, ropes, or scaffolds; she cannot work at unprotected heights; she cannot more than occasionally balance, stoop, kneel, crouch, and crawl. . . ." (Tr. 13.) With regard to her mental limitations, the ALJ determined "she can perform work where interpersonal contact is incidental to the work performed, the complexity of 1 to 2 step tasks is learned and performed by rote, with few variables, and little judgment; the supervision required is simple, direct and concrete. The work must be limited to [specific vocational preparation] 1 to 2 jobs that can be learned within 30 days." (*Id.*)

I find the overall medical evidence supports the ALJ's assessment. I do have some concerns that he discounted the mental evaluations by both George M. DeRoeck, Psy.D. (Tr. 348-353), and James R. Moneypenny, Ph.D. (Tr. 412-415). However, the ALJ gave express reasons for discounting those evaluations. (Tr. 16-17.) Upon close inspection, I am unable to find reversible fault with the ALJ's reasoning because his conclusions are supported by the record. The ALJ adequately discussed her mental impairments and treatment, and his determinations are supported by substantial evidence.

Although Plaintiff undoubtedly suffers from some moderate mental and physical limitations, substantial evidence supports the ALJ's determination that she was still capable of performing light work-related activities. The ALJ properly focused on Plaintiff's ability to function, rather than focusing on a diagnosis. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

I also note that before determining a claimant's residual functional capacity, the ALJ first must evaluate the claimant's credibility. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir.

3

2001). The ALJ considered her subjective complaints and found them less than fully credible. (Tr. 14-18.) I find no error in the ALJ's assessment here, either. *See McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (holding ALJ's residual functional capacity determination supported by substantial evidence when claimant seldom sought treatment, no treating physician indicated she was permanently disabled, physical exams revealed good muscle strength and ranges of motion and she could perform many activities of daily living).

Plaintiff also asserts that the hypothetical questions, which were based on the residual functional capacity determination, were insufficient because those, too, did not include restrictions based on her subjective complaints. The hypothetical questions posed to the vocational expert were proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).

While there is evidence to support Ms. Osborne's claims, it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff has advanced other arguments that I have considered and find to be without merit. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 29th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE